# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5350
Rneumann@zeklaw.com

August 28, 2017

**BY ECF**

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

**Ofra Levin and Isaac Levin v.
J.P. Morgan Chase Bank, N.A., Kevin McHale
Datwan Green and Brandon North, 17-CV-04893 (JMA) (AYS)**

Dear Judge Azrack:

  We represent defendant JPMorgan Chase Bank, N.A. ("Chase") and all of the individual defendants[1] in the above referenced action (collectively the "Chase Defendants"). We write, pursuant to Your Honor's Individual Practices, to request a pre-motion conference.

  The gravamen of the complaint is a claim that the safe deposit box that Chase leased to pro se plaintiff Ofra Levin was opened in error by unidentified Chase employees (not the individual defendants) and that some of the contents that Ms. Levin allegedly stored in the box were missing. Plaintiffs seek approximately $15,000 for the allegedly missing contents and $100,000 in punitive damages.

  The Chase Defendants seek to dismiss: (i) all claims by pro se plaintiff Isaac Levin because he lacks privity and legal or factual connection to the Chase Defendants; (ii) all claims against the individual defendants who are alleged simply to have acted within the scope of their professional duties as Chase employees; (iii) the claim for punitive damages, which is unsupported by any factual allegations or legal basis; and

---

[1] Our firm agrees to accept service for the two individual defendants – not served by plaintiffs to date – who were added in the amended complaint, in order to include them in defendants' motion to dismiss.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Joan M. Azrack
August 28, 2017
Page 2

(iv) the legally meritless common law claims for gross negligence, breach of fiduciary duty and violation of right to privacy.

This Court has subject matter jurisdiction and removal was timely effected within 30 days of service of the amended complaint (the "complaint"), which first claimed damages in excess of $75,000.

Chase is a citizen of Ohio for the purpose of diversity of citizenship. The plaintiffs are citizens of New York.

Defendants McHale and Green reside in and are citizens of the State of New York. (The third individual is a citizen of Texas.) Plaintiffs fraudulently or improperly joined these defendants as parties to this action. Each is an employee of JPMC who acted within the scope of his employment with respect to the allegations of the complaint and therefore cannot be individually liable to plaintiffs. See Georgia Malone & Co., Inc. v. Rieder, 86 A.D.3d 406, 407, 926 N.Y.S.2d 494, 496 (1st Dep't 2011). Based on the pleadings, there is no possibility, as a matter of law, that plaintiffs can state a cause of action against defendants McHale and Green in state court. See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998). Plaintiffs do not assert any claims specifically against these individual defendants, nor specifically seek any damages against them. See Whitaker v. Am Telecasting, Inc., 231 F.3d 196, 207 (2d Cir. 2001). The Court should therefore disregard their citizenship in determining that complete diversity between plaintiffs and defendants exists.

In its motion to dismiss the complaint, Chase will establish the following as a matter of law. Punitive damages, as a matter of law, are improper in this case. Plaintiffs allege that Chase admitted opening Ms. Levin's leased box by mistake (Am. Compl. ¶ 29). Plaintiffs do not allege the requisite egregious conduct required to sustain a claim for punitive damages.[2] Moreover, plaintiffs' contract-based claims do not support punitive damages, as a matter of law.[3] Plaintiffs fail to state a cause of action for violation of the right to privacy because there is no common law right to privacy in New York.[4] The

---

[2] See, e.g., Varveris v. Hermitage Ins. Co., 24 A.D.3d 537, 538, 806 N.Y.S.2d 688, 689 (2d Dep't 2005) (Punitive damages are restricted to those cases necessary to deter conduct "which may be characterized as 'a fraud evincing a high degree of moral turpitude' or 'such wanton dishonesty as to imply a criminal indifference to civil obligations' directed 'at the public generally.'")

[3] See, e.g., Rocanova v. Equitable Life Assur. Soc'y, 83 N.Y.2d 603, 616, 612 N.Y.S.2d 339, 344 (1994) (dismissing a punitive damages demand where all of plaintiff's claims except for the breach of contract claim were dismissed).

[4] See, e.g., Young v. United States Dep't of Justice, 882 F.2d 633, 641 (2d Cir. 1989) ("New York's Court of Appeals has consistently held that there is no common-law right to privacy in New York.").

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Joan M. Azrack
August 28, 2017
Page 3

purported claim for gross negligence should be dismissed because it simply restates the claim for breach of contract and alleges no independent tort.[5]

The claims against the individual defendants are meritless as a matter of law, as they are not alleged to have done anything more than act within the scope of their employment with Chase in communicating with plaintiff Ofra Levin and returning to her the contents of the safe deposit box that she leased from Chase pursuant to a written contract. Corporate officers acting in furtherance of corporate business cannot be held liable for claims against the company.[6]

Finally, plaintiff Isaac Levin lacks standing because he is not a party to the lease agreement – nor an authorized signer or deputy – with respect to the safe deposit box leased by Ms. Levin.[7]

In sum, the Chase Defendants submit that after this Court decides the motion to dismiss, this case will devolve to a contract-based claim for alleged missing safe deposit box contents allegedly worth approximately $15,000 that Chase can successfully defend on the merits.

Respectfully submitted,

Ronald M. Neumann

cc:   Ofra Levin and Isaac Levin (by UPS Overnight)

---

[5] See, e.g., Abacus Fed. Sav. Bank v. ADT Sec. Servs., Inc., 18 N.Y.3d 675, 684-85, 944 N.Y.S.2d 443, 447 (2012) (dismissing a claim for gross negligence because "the allegations that a breach of contract occurred as a result of gross negligence does not give rise to a duty independent of the contractual relationship.").

[6] See, e.g., Hutter v. Countywide Bank, N.A., 41 F. Supp. 3d 363, 375 (S.D.N.Y. 2014); Georgia Malone & Co., Inc. v. Rieder, 86 A.D.3d 406, 408, 926 N.Y.S.2d 494, 496-97 (1st Dep't 2011) ("It is well-established that officers or agents of a company are not personally liable on a contract if they do not purport to bind themselves individually."); Bob v. Scibal Assocs., 2014 U.S. Dist. LEXIS 120325, *18-19 (S.D.N.Y. Feb. 10, 2014) (dismissing claim against company employee because employee owed no independent duty to plaintiff).

[7] See Coons v. First Nat'l Bank, 218 A.D. 283, 218 N.Y.S. 189 (3d Dep't 1926). ("[I]f there is no contract between the parties to the action, there can be no liability" to the defendant bank).

## CERTIFICATE OF SERVICE

  MICHAEL W. ANTONIVICH, hereby certifies pursuant to 28 U.S.C. 1746 and under penalty of perjury that on the 28th day of August, 2017, I served a true copy of **LETTER OF RONALD M. NEUMANN TO HONORABLE JOAN M. AZRACK DATED AUGUST 28, 2017 SUBMITTED ON BEHALF OF DEFENDANTS** upon the parties in the manner indicated below at the place indicated below

### *By UPS OVERNIGHT MAIL*

  OFRA LEVIN
  ISAAC LEVIN
  Plaintiffs Pro Se
  960 Cliffside Avenue
  N. Woodmere, New York 11581

Dated: August 28, 2017

                       _____
                         Michael W. Antonivich