May 14, 2018

**VIA ECF**

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE:   Case No.: 17-cv-04893-JMA-AYS,   Levin v. J.P. Morgan Chase, et al.

Dear Judge Azrack,

My name is Isaac Levin and joining me is my wife Ofra Levin, (hereinafter referred to as "Plaintiffs").

Pursuant to the rules of this Court Plaintiffs are seeking a pre-motion conference or a waiver in order to file a motion pursuant to Rule 41(2) to dismiss the action without prejudice. This action is moot at this time.

The Court already decided that this action does not belong in Federal Court and ordered settlement negotiations. Negotiations failed due to the fact that Plaintiffs had other issues and other claims. Chase is refusing to address them.

Alternatively, Plaintiffs are asking that this Court re-initiates settlement negotiations to resolve all the claims Plaintiffs have against the Defendants. Defendants also engaged new attorneys.

At this time this action was replaced with another action that combines all Plaintiffs claims against the Defendants.

As stated earlier the new action lacks complete diversity, the amount in controversy is less than $75,000 and it does not have any federal question jurisdiction. Therefore it does not belong in federal court except to act as a tool for the benefit of Chase to beat Plaintiffs.

In a nutshell here are the issues in the new action:

1. 2013 — Establishment of an escrow account with Chase for taxes and insurance.

2. 2013-2015 — Chase reporting for two years those taxes were being paid.

3. End of 2015 — Plaintiffs discovered that Chase was not paying the taxes.

| | | |
|---|---|---|
| 4. | December 2015- January 2016 | An attempt to locate an individual at Chase with knowledge. |
| 5. | Jan. 2016-Feb. 2016 | Inability to ascertain how much was collected by Chase for taxes and how much was refunded. In total Plaintiffs paid over $55,000. Finally Plaintiffs were able to establish that two different amounts were collected, two different amounts were refunded leaving a shortage of un refunded money. |
| 6. | October 2014 | Reporting to the credit agencies that Ofra Levin was 30 days late when in fact Chase collected a duplicate finance charge of $357.85. |
| 7. | December 2014 | The statement states: "your account is current. Thank you". Despite that Defendants reported to the credit agencies 30 days late. |
| 8. | December 2015 | December 2015 Plaintiffs were seeking to speak to someone at Defendants offices about their failure to pay the taxes. Despite that Defendants reported to the credit agencies that Ofra Levin was 30 days late. |
| 9. | Increase of $8,681.65 | This charge is explained as follows: There is a shortage in your escrow account of $8,681.65 because of the timing of your tax and insurance payments. You can pay this amount over a five-year (60-month) prior. This monthly payment has already been included in the monthly escrow payment explained above. If you choose to pay the total amount now, we will need to revise the enclosed agreement and resend it to you reflecting your payment of this escrow shortage.<br><br><u>Based on Defendants documents no such shortage existed or could be demonstrated</u>. |
| 10. | Increase of $24,821.56 | <u>Plaintiffs requested an accounting.</u> |
| 11. | Flood Insurance | While Chase managed and mismanaged the escrow account flood insurance was paid from the escrow at $749. Plaintiffs were grandfathered with the old rate. Thereafter Plaintiff offered FEMA at $815 and Chase elected to purchase Lender place insurance at $1,792. |

As minimum Plaintiffs requested that the new attorneys investigate line 6-8 but to no avail.

  Plaintiffs are not seeking to burden this Court with all these issues. However does the Court feel that these issues belong in federal court? Most likely Chase was told that they could obfuscate the issues in federal court and obtain an order dismissing the action with prejudice.

  Again, Plaintiffs truly appreciate this Court's initiative and efforts to seek a settlement of this matter and Plaintiffs hope that this could be repeated.

                Respectfully submitted,

                /s/ Isaac Levin
                ISAAC LEVIN
                *Pro Se Plaintiff*
                960 Cliffside Avenue
                N. Woodmere NY 11581
                Isaaclevin2010@gmail.com
                516-374-0188

                /s/ Ofra Levin
                OFRA LEVIN
                Pro Se Plaintiff
                960 Cliffside Avenue
                N. Woodmere, NY 11581
                ofrarlevin@gmail.com
                1.516.792.5858

All Counsel(s) of record via ECF.