June 11, 2018

**VIA ECF**

Hon. Joan M. Azrack
United States District Court Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  RE:   Case No.: 17-cv-04893-JMA-AYS,   Levin v. J.P. Morgan Chase, et al.

Dear Judge Azrack,

My name is Isaac Levin and joining me is my wife Ofra Levin, (hereinafter referred to as "Plaintiffs").

In front of the Court are the following documents:

Plaintiffs' motion to remand filed October 23, 2017. (Doc #8)

Plaintiffs' letter seeking a pre-motion conference to file a motion to dismiss the action pursuant to Rule 41(2) without prejudice. In the alternative Plaintiffs are seeking a new conference in order to achieve a global settlement of all claims. (Doc #22)

Defendant's letter dated May 18, 2018, (Doc # 23, pageID #142), agreeing to a second round of negotiations for a global settlement.

Defendants letter dated June 8, 2018, (Doc #24), seeking to bring to the Court's attention a decision in *Mraz* to remand to state court.

At the outset it should be noted that Chase admitted to the break-in to the safe deposit box by stating that "except that on September 19, 2016 a safe deposit box leased to Ofra Levin was drilled open based on the erroneous belief that the lease for the safe deposit box was in arrears…" (Doc #1-1, pageID #50, ¶10). As a minimum, Plaintiffs should prevail as to liability on a motion for summary judgment.

In the conference with the law clerks, Mr. Goodman stated that Chase is seeking to dismiss a number of claims, breach of contract, breach of fiduciary, etc., and settle the rest on the merits.

As to *Mraz*, the only common denominator with Levin is the headline. Mraz v. JPMC, remand denied. The facts are totally different.

1

Plaintiffs do not need to dwell into Mraz. It should suffice to bring up several key points in the *Mraz* decision that are totally different from Levin.

"Here, the only damages Plaintiffs have alleged in connection with their tortuous interference claim are damages caused by "the freezing of the *Mraz* Accounts." (Decision page 7 of 8)

Levin specifically alleged damages as a result of the break into the safe deposit box. (Doc #1-1, pageID #12, ¶37).

*Mraz* attempted to destroy diversity by failure to name JP Morgan Chase as a defendant and made an attempt to bring into the action JPMS, a New York entity as part of the motion to remand.

Levin did not hide JP Morgan Chase. Chase was in the original complaint as well as in the amended complaint. The only *sin* committed by Plaintiffs was lack of knowledge of diversity. Plaintiffs did not know that the home office of Chase is in Ohio, and made a demand for punitive in the amount of $100k.

The *Mraz* Court also analyzed whether the non-diverse individuals were named fraudulently. But "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with <u>no</u> real connection with the controversy." (page 4 of 8)

In Levin, the non-diverse individuals are the necessary parties to the complaint because they are directly connected to the controversy. They worked in concern to break into the safe deposit box and without the non-diverse parties the break-in could not take place.

Mr. Datwan Green eliminated the signatures card of Levin, (Doc #1-1, pageID #10, ¶15), causing uncertainly as to the ownership of the safe deposit box.

Mr. Kevin McHale is a necessary party. Ofra Levin visited him shortly before the break-in, (Doc #1-1, pageID #11, ¶24), and Mr. McHale advised her to discard the notice she received as related to the safe deposit box being in arrears.

McHale had a contractual duty to Levin to defend the safe deposit box. McHale had full knowledge that the safe deposit box was free of charge. McHale also had an independent duty to Levin to protect the safe deposit box as the manager of the branch.

Prior to the break-in, McHale was expected to enter the computer system and make all the appropriate calls to clarify that the account was in arrears. He failed to do so. Instead McHale authorized the locksmith(s) to break-in.

For all the above reason Plaintiff seek a second round of negotiations to try and achieve a global solution to this action and the pending action. In the alternative the Court could just

decide the motion to remand and/or Plaintiffs' letter for a pre-motion conference to dismiss this action.

                                                    Respectfully submitted,

                                                    /s/ Isaac Levin
                                                    ISAAC LEVIN
                                                    *Pro Se Plaintiff*
                                                    960 Cliffside Avenue
                                                    N. Woodmere NY 11581
                                                    Isaaclevin2010@gmail.com
                                                    516-374-0188

                                                    /s/ Ofra Levin
                                                    OFRA LEVIN
                                                    Pro Se Plaintiff
                                                    960 Cliffside Avenue
                                                    N. Woodmere, NY 11581
                                                    ofrarlevin@gmail.com
All Counsel(s) of record via ECF.        1.516.792.5858